UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case Number 21-CR-411 (APM) |
| STEWART PARKS, | : | |
| | : | |
| Defendant. | : | |

**CONSENT MOTION TO SCHEDULE STATUS CONFERENCE AND EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The Government and Defendant Stewart Parks request that the status conference be scheduled in this matter in the next three weeks and moves this Court to exclude from the time within which the trial in this matter must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. the period from the date of this request through the date of the next conference, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

**BACKGROUND**

As this Court is aware, Defendant is charged via information with misdemeanor offenses related to crimes that occurred at the United States Capitol on January 6, 2021, including violations of18 U.S.C. § 1752(a)(1) and (2) (Entering and Remaining in and Disorderly and Disruptive Conduct in a Restricted Building or Grounds,  40 U.S.C. § 5104(e)(2)(D) and (G) (Disorderly Conduct and Parading, Demonstrating, or Picketing in a Capitol Building), and 18 U.S.C. § 641 (Theft of Government Property).

Trial in this matter was scheduled to commence on January 17, 2023.  Due to the Court's

calendar, trial was not able to proceed on January 17, 2023. Due to other obligations, defense counsel is not available to commence trial on the Court's proposed alternative dates.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to the tolling of the Speedy Trial Act, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the

Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  The exclusion of time is necessary for the parties, including defense counsel, to be available and adequately prepare for trial in this matter.

WHEREFORE, the parties respectfully request that this Court schedule a status conference in this matter in the next three weeks, that the Court toll the time from January 17, 2023 through the date of the conference, and that the Court exclude that time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv).

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY

By: /s/ Barry K. Disney
BARRY K. DISNEY
Trial Attorney, Detailee
Kansas Bar No. 13284

BENET J. KEARNEY
Assistant United States Attorney, Detailee
New York Bar No. 4774048

J. HUTTON MARSHALL
Assistant United States Attorney
DC Bar No. 1721890

601 D Street, N.W.
Washington, D.C. 20579
Barry.Disney@usdoj.gov
Benet.Kearney@usdoj.gov
Joseph.Hutton.Marshall@usdoj.gov
(202) 305-4367
(212) 637-2260
(202) 252-6299