UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>STEWART PARKS,       )<br>)<br>Defendant.       )<br>) | Case No. 21-cr-411-1 (APM) |

**ORDER**

**I.**

Following a bench trial, the court found Defendant Stewart Parks guilty of five offenses: (1) Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count One); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2) (Count Two); (3) Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D) (Count Three); (4) Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G) (Count Four); and (5) Theft of Government Property (misdemeanor) under 18 U.S.C. § 641 (Count Five). Judgment, ECF No. 105.

The court determined that Defendant's guidelines range was 8 to 14 months, and imposed a total sentence of eight months of incarceration. Sentencing Tr. (draft), Nov. 15, 2023 [hereinafter Sentencing Tr.], at 37. Defendant is scheduled to report to the Bureau of Prisons to start his sentence on February 6, 2024. He now seeks release pending appeal. Def.'s Mot. for Release Pending Appeal, ECF No. 111 [hereafter Def.'s Mot.].

**II.**

Under 18 U.S.C. § 3143(b)(1), a court "shall order the release" of an individual pending appeal if it finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose

a danger to the safety of any other person or the community if released"; and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in," as relevant here, "(iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

For present purposes, the court assumes that Defendant is neither a flight risk nor a danger to himself or the community, and that he has raised a substantial question of law—namely, whether his convictions on Counts One and Two under 18 U.S.C. § 1752(a) must be vacated because the government failed to show that he knew that the Vice President was at the U.S. Capitol when he entered and remained in the grounds or building.[1]  Still, Defendant cannot prevail.  He has not shown that a favorable decision on appeal would result in "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1).

### A.

Defendant acknowledges that the court sentenced him to the statutory maximum of six months on Counts Three and Four.  Def.'s Reply in Supp. of Def.'s Mot., ECF No. 113 [hereinafter Def.'s Reply], at 9 (referencing the "petty offenses").  Yet, he contends that at a resentencing, the court likely would impose a non-custodial sentence or only a short period of imprisonment, because the court has imposed similar sentences for January 6 defendants convicted of only petty

---

[1] The court is highly skeptical that this issue would be reviewed for anything other than plain error.  *See* Def.'s Mot. at 2 n.1.  Defendant elected to proceed by bench trial.  Because he never raised this issue before or during trial, the court had no reason to make the evidentiary finding that Defendant now claims is essential to sustain his convictions for Counts One and Two.

offenses. *Id.* at 9 & n.3.[2] But Defendant fails to appreciate that he is quite differently situated than the others he references.

Those defendants entered guilty pleas and accepted responsibility; Defendant did not. Those defendants did not repeatedly lie on the witness stand; Defendant did so. Sentencing Tr. at 29–34; *see also* Verdict Tr. (draft), May 3, 2023, at 473 (the court stating that Defendant "[spun] a tale that has no foundation in fact and that is an affront to the police officers that were there that day and to the democracy itself"); Sentencing Tr. at 71 (describing Defendant's testimony as "a tale that absolutely was fantastic"). And none of those defendants (to the court's knowledge) has publicly spread falsehoods about January 6, Sentencing Tr. at 72–73, or disparaged the criminal justice process; Defendant continues to do both, Gov't Opp'n to Def.'s Mot., ECF No. 112, at 9 n.2.[3] For those reasons, when coupled with Defendant's actions on January 6 and other relevant sentencing considerations, *see* 18 U.S.C. § 3553(a)(2)(A), (B), even without the § 1752(a) convictions, the court would sentence Defendant to the statutory maximum six months on Counts Three and Four. He thus has not shown that a successful appeal would yield "a sentence that does not include a term of imprisonment[.]" 18 U.S.C. § 3143(b)(1)(B)(iii).

**B.**

Moreover, the issue that Defendant intends to raise on appeal is likely to be determined within six-months of his report date. As Defendant notes, the very question he intends to raise is already before the D.C. Circuit in *United States v. Griffin*, No. 22-3042 (D.C. Cir.). *Griffin* was

---

[2] The court agrees with Defendant that the conviction on Count Five, for misdemeanor theft of government property, would not drive the court's calculus at a resentencing. Although the theft offense is a Class A misdemeanor, and therefore subject to the Guidelines (the resulting range would be 0 to 6 months), the minimal nature of the conduct supporting the conviction would not warrant a lengthy term of incarceration.

[3] The court could also consider what Defendant has said publicly *since* his sentencing if he were to be resentenced. *See Pepper v. United States*, 562 U.S. 476, 499 (2011) ("[W]e see no general congressional policy . . . to preclude resentencing courts from considering postsentencing information[.]").

argued on December 4, 2023. Defendant predicts that "the D.C. Circuit should issue a decision relatively soon." Def.'s Reply at 2.

If a favorable ruling comes in the near future, Defendant can seek an indicative ruling from this court and move for a remand for immediate resentencing. See Fed. R. App. P. 12.1. Even if the timing of the D.C. Circuit's decision approaches six months, Defendant can again seek release pending appeal. See United States v. Adams, No. 21-cr-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024) (releasing defendant after his term of imprisonment had commenced because of the Supreme Court's grant of certiorari in Fischer v. United States, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023)). Thus, by starting his sentence on his report date, Defendant runs little, if any, risk of spending more time in prison than the custodial term he would receive based only on lawful convictions. He therefore has failed to show that success on appeal would result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

### III.

Accordingly, for the foregoing reasons, Defendant's Motion for Release Pending Appeal, ECF No. 111, is denied.

Date: February 2, 2024

Amit P. Mehta
United States District Court Judge